SCHEDULE CTO-34 TAG-ALONG ACTIONS (MDL-1657)                    PAGE 5 of 5

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| TNM 3 05-923 | Audra Brown v. Merck & Co., Inc. |
| TNM 3 05-924 | Willie B. Guess v. Merck & Co., Inc. |
| TNM 3 05-925 | Velera Norfleet v. Merck & Co., Inc. |
| TNM 3 05-926 | Margaret A. Tolliver v. Merck & Co., Inc. |
| TNM 3 05-929 | Audrey L. Rice v. Merck & Co., Inc. |
| TNM 3 05-930 | Grover M. Cleveland v. Merck & Co., Inc. |
| TNM 3 05-931 | Janice Kilgore, et al. v. Merck & Co., Inc. |
| TNM 3 05-932 | Edward Ellis, etc. v. Merck & Co., Inc. |
| TNM 3 05-937 | Shelby J. Crabtree v. Merck & Co., Inc. |
| TNM 3 05-938 | Greta I. Macpherson v. Merck & Co., Inc. |
| TNM 3 05-939 | Leroy S. Andrews v. Merck & Co., Inc. |
| TNM 3 05-940 | Janene Pennel v. Merck & Co., Inc. |
| TNM 3 05-941 | Debrah T. Reid v. Merck & Co., Inc. |
| TNM 3 05-959 | Roger G. Cope v. Merck & Co., Inc., et al. |

**TENNESSEE WESTERN**

| | |
|---|---|
| TNW 1 05-1328 | James Michaels, et al. v. Merck & Co., Inc., et al. |
| TNW 1 05-1334 | Brenda C. Derryberry, et al. v. Merck & Co., Inc., et al. |
| TNW 1 05-1335 | Carolyn Vaughan, et al. v. Merck & Co., Inc., et al. |
| TNW 1 05-1343 | Celia Golliver, etc. v. Ure Agadaga, et al. |
| TNW 1 05-1344 | Janice Beal, etc. v. Merck & Co., Inc., et al. |
| TNW 2 05-2829 | Rodney Ward, et al. v. Merck & Co., Inc. |
| TNW 2 05-2830 | Ola Looney v. Merck & Co., Inc., et al. |

**TEXAS EASTERN**

| | |
|---|---|
| TXE 1 05-573 | |
| TXE 1 05-675 | Alberta Cowart, etc., v. Merck & Co., Inc., et al. |

**TEXAS NORTHERN**

| | |
|---|---|
| TXN 4 05-725 | Carmen Flores, etc., v. Merck & Co., Inc. |

**TEXAS SOUTHERN**

| | |
|---|---|
| TXS 1 05-281 | Carolyn Lyttle, et al. v. Merck & Co., Inc. |
| TXS 3 05-601 | Henry S. Hill v. Merck & Co., Inc., et al. |
| TXS 4 05-3785 | Willia C. DeBose v. Merck & Co., Inc., et al. |
| TXS 4 05-3786 | Lanita Lewis v. Merck & Co., Inc., et al. |
| TXS 4 05-3821 | Terry Frisby v. Merck & Co., Inc., et al. |

**WASHINGTON WESTERN**

| | |
|---|---|
| WAW 2 05-1703 | Joseph Anderson, etc. v. Merck & Co., Inc. |
| WAW 2 05-1855 | Alice M. Pleasant v. Merck & Co., Inc. |
| WAW 2 05-1867 | Michelle Deebach, et al. v. Merck & Co., Inc. |
| WAW 2 05-1906 | Genevieve Whitacre, etc. v. Merck & Co., Inc. |

M005130849

# Exhibit I

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**EVERARDO S. AGUILAR,**

                              **Plaintiff,**                    **MEMORANDUM AND ORDER**

          **-against-**                                         **05-CV-4865 (SJ)**

**MERCK & CO., INC., et al.,**

                              **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        Currently pending before this Court is an application by defendant Merck & Co., Inc.

("defendant" or "Merck") to stay this action pending a decision by the Judicial Panel on

Multidistrict Litigation ("the MDL Panel") whether to transfer the case as a "tag-along" action to

In re VIOXX Products Liability Litigation, MDL No. 1657, an MDL action pending in the

Eastern District of Louisiana.  Plaintiff Everardo S. Aguilar ("plaintiff" or "Aguilar") has

consented to stay discovery only, has cross-moved to remand the case to state court and opposes

any stay of that motion.

        For the reasons that follow, defendant's motion to stay this action is granted in its

entirety, and the motion to remand is deferred until the issue of transfer is resolved by the MDL

Panel.

                                **BACKGROUND**

        On September 21, 2005, plaintiff commenced this action in New York State Supreme

Court, Queens County, against Merck (the manufacturer of the prescription drug Vioxx) and a

series of medical providers who are alleged to have improperly prescribed Vioxx to plaintiff.

Merck removed the action to this Court on October 17, 2005, on the basis of diversity

jurisdiction, contending that the non-diverse medical providers were fraudulently joined in order to defeat diversity jurisdiction.

On October 31, 2005, Merck moved to stay all further proceedings in this district pending a decision by the MDL Panel on whether the case should be transferred to the MDL Court in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1407.[1]  On November 7, 2005, the MDL Panel issued its thirtieth conditional transfer order of tag-along cases, which, absent an objection within 15 days, would transfer this case and others to the MDL Court.  See 11/15/05 Letter to the Court from Vilia B. Hayes and Conditional Transfer Order (CTO-30), appended thereto.[2]  That same day, plaintiff moved in this district to remand the instant action to state court.  See Memorandum of Law in Support of Plaintiff's Motion for an Order Remanding this Matter to State Court ("Pl. Mem.").  Plaintiff resists having the remand motion deferred until after the MDL Panel has transferred the case.  See id. at 5-7; Plaintiff's Partial Opposition to Merck's Motion for Stay.

### DISCUSSION

As plaintiff correctly contends (see Pl. Mem. at 5), the pendency of a request to transfer a case to an MDL proceeding does not divest the transferor court of the authority to resolve a motion to remand the case to state court.  See, e.g., JPML R. 1.5; Evans v. Merck & Co., Inc.,

---

[1]  The MDL Panel established the MDL proceeding on February 16, 2005.  See In re VIOXX Prods. Liab. Litig. (MDL 1657), 360 F.Supp.2d 1352 (J.P.M.L. Feb. 16, 2005).  To date, more than 2,500 cases have been transferred to or filed directly in the MDL proceedings.  See Memorandum of Law in Support of Motion of Defendant Merck & Co., Inc. to Stay All Proceedings Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation at 3.

[2]  This Court has no information as to whether plaintiff has filed with the MDL Panel an objection to transfer.

-2-

No. 05-1323-T/AN, 2005 WL 3008643, at *1 (W.D. Tenn. Nov. 9, 2005). Even after the MDL

Panel has issued a conditional transfer order, the transferor court retains the discretion to grant or

deny a motion to stay consideration of a jurisdictional challenge. See id.; North v. Merck & Co.,

Inc., No. 05-CV-6475L, 2005 WL 2921638, at *1 (W.D.N.Y. Nov. 4, 2005). The jurisdiction of

the transferor court does not end until the order of the MDL Panel transferring the case has been

filed with the MDL Court. See David F. Herr, Annotated Manual for Complex Litigation §

20.131 (4th ed. 2004) (hereinafter "Manual for Complex Litigation").

     In connection with the Vioxx litigation, the MDL Panel has expressly observed that "[t]he

pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in

Section 1407 proceedings." In re VIOXX Prods. Liab. Litig., 360 F.Supp.2d 1352, 1354

(J.P.M.L. Feb. 16, 2005). Indeed, in establishing the Vioxx MDL, the Panel transferred to the

MDL Court two actions with pending motions to remand to state court. See id. at 1353-54.

According to the MDL Panel, the motions to remand in those two cases, "as well as in any other

MDL-1657 actions[,] can be presented to and decided by the transferee judge." Id. at 1354

(citing In re Ivy, 901 F.2d 7 (2d Cir. 1990)).

     The Panel's decision is consistent with the law in the Second Circuit, where the

"preferable practice" in MDL litigation is to allow the transferee court to resolve jurisdictional

issues that implicate common questions of law and fact arising in numerous cases. Medical

Soc'y v. Conn. Gen. Corp., 187 F.Supp.2d 89, 91 (S.D.N.Y. 2001) (citing Ivy, 901 F.2d 7); see,

e.g., North, 2005 WL 2921638, at *1 (noting, in Vioxx case, that the Second Circuit has adopted

the "general rule" of deferring decisions on remand motions until after the MDL Panel has

transferred the case); DeBono v. American Home Prods. Corp., No. 04 Civ. 3810(DC), 2005 WL

-3-

2601177, at *1 (S.D.N.Y. Nov. 16, 2004) ("[T]he Second Circuit has observed that an MDL

Court is often best suited to resolve remand motions, especially when the issues involved are

likely to recur."). As the Second Circuit observed in Ivy, where the jurisdictional issue "is easily

capable of arising in hundreds or even thousands of cases in district courts throughout the

nation," and "involves common questions of law and fact," "[c]onsistency as well as economy is

. . . served" by having the jurisdictional objections "heard and resolved by a single court . . . ."

Ivy, 901 F.2d at 9; see Manual for Complex Litigation § 20.131 ("[T]he pendency of motions

raising questions common to related actions can itself be an additional justification for

transfer.").

        The aforesaid general rule should be followed in the instant case. Merck has challenged

the joinder of doctors and/or pharmacies in other Vioxx cases in this circuit, and the plaintiffs'

motions to remand have been deferred until after transfer to the MDL litigation, on the ground

that "the issues raised in plaintiff's remand motion are not unique to this case." North, 2005 WL

2921638, at *2; Krieger v. Merck & Co., Inc., No. 05-CV-6338L, 2005 WL 2921640, at *2

(W.D.N.Y. Nov. 4, 2005); see also Evans, 2005 WL 3008643, at *1 ("[T]he jurisdictional issues

raised in this case are similar to those raised in other [Vioxx] cases that have been or will be

transferred to the MDL proceeding."); Walker v. Merck & Co., Inc., No. 05-CV-360-DRH, 2005

WL 1565839, at * 2 (S.D. Ill. June 22, 2005) ("[I]t is almost certain that the transferee court will

hear and decide many of the same issues Plaintiffs ask this Court to tackle in ruling on their

motion to remand."). To be sure, a number of Vioxx decisions from outside this circuit have

resolved remand motions prior to the MDL Panel's decision on transfer.[3]  Nevertheless, "there

are many more that have chosen to grant a stay," Evans, 2005 WL 3008643, at *1 (collecting

cases), including the two decisions from within this circuit.  North, 2005 WL 2921638; Krieger,

2005 WL 2921640, at *2 (granting stay and noting that courts around the country have stayed

Vioxx cases "pending their transfer to the MDL, including more than 125 with pending remand

motions."); see, e.g., West v. Merck & Co., Inc., No. 05-1166-T/AN, 2005 WL 1630034 (W.D.

Tenn. July 7, 2005); Walker, 2005 WL 1564839.  Moreover, at a proceeding in the Vioxx MDL

litigation, Judge Eldon B. Fallon, the district judge presiding over the MDL proceeding,

expressly acknowledged the advantages of having a single judge decide the many motions to

remand, and he assured the parties that he would deal with the motions "as quickly as possible . .

. ." Transcript of 6/23/05 Status Conference in In re VIOXX Prods. Liab. Litig., at 21 (appended

as Exhibit A to the Declaration of Vilia B. Hayes dated 11/22/05 ["Hayes Decl"]).

        Having considered these decisions and the parties' arguments, this Court concludes "that

having the jurisdictional issues decided in one proceeding will promote judicial economy and

conserve judicial resources," Evans, 2005 WL 3008643, at *2, and will minimize "the risk of

inconsistent rulings . . . ." North, 2005 WL 2921638, at *2 n.2 (quoting Purcell v. Merck & Co.,

No. 05 CV 0443-L(BLM), slip. op. at 4-5 (S.D. Cal. June 6, 2005) (Hayes Decl. Ex. B)); see

North, 2005 WL 2921638, at *2 ("I agree with Merck that the objectives of the MDL process–

namely the avoidance of inconsistent rulings and the conservation of judicial resources–are best

---

[3]  See, e.g., Plubell v. Merck & Co., Inc., No. 05-0831-CV-W-HFS, 2005 WL 2739036 (W.D.
Mo. Oct. 20, 2005); Rabe v. Merck & Co., Inc., Nos. Civ. 05-363-GPM, 05-378-GPM, 2005 WL
2094741 (S.D. Ill. Aug. 25, 2005); Kantner v. Merck & Co., Inc., No. 1:04CV2044-JDT-TAB,
2005 WL 277688, at *3 (S.D. Ind. Jan. 26, 2005).

met by allowing the MDL Court to decide plaintiff's motion to remand."). "[A]ny prejudice to the plaintiff resulting from a stay would be minimal," Evans, 2005 WL 3008643, at *2, and "does not outweigh the judicial economy interests" served by granting a stay. Walker, 2005 WL 1565839, at *2; see North, 2005 WL 2921638, at *2; Krieger, 2005 WL 2921640, at *2. Therefore, Merck's motion for a stay is granted in its entirety.

CONCLUSION

For the foregoing reasons, Merck's motion to stay this proceeding pending the MDL Panel's decision on transfer is granted and plaintiff's cross-motion to remand is deferred until the issue of transfer has been resolved.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**            November 22, 2005**

                        **ROANNE L. MANN**
                        **UNITED STATES MAGISTRATE JUDGE**

# Exhibit J

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN THE MATTER OF CIVIL ACTIONS AGAINST
MERCK & CO., INC., AS LISTED IN
ATTACHMENT 1                                   ORDER TO STAY

Defendant Merck & Co., Inc. ("Merck") removed these 70 actions from New York State

Supreme Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A list of these 70 actions (identified

in order of the WDNY civil docket number) is attached to this Order.

Plaintiffs, who are represented by same law firm, allege negligence and products liability

claims against Merck concerning the manufacture, sale, and distribution of the prescription drug

Vioxx. Plaintiffs also named as defendants approximately twenty individual directors of Merck and

a number of Merck's professional sales representatives.

Merck has moved to stay the actions pending the issuance of conditional orders by the

Judicial Panel on Multidistrict Litigation ("JPML") transferring the cases as "tag-along" actions to

*In re Vioxx Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1657, an MDL[1]

action that has been established in the Eastern District of Louisiana.[2]

---

[1] On February 16, 2005, the Panel transferred 138 civil actions to the MDL, which
involve common questions of fact concerning the alleged increased health risks associated with
the anti-inflammatory drug, Vioxx. Since that time, more than 3,000 additional actions have
been transferred to the MDL, and it appears that the number continues to grow.

[2] Since Merck moved to stay the actions, conditional transfer orders have been issued in
all 70 cases. *See In re VIOXX Marketing, Sales Practices and Products Liability Litigation*,
MDL No. 1657, Conditional Transfer Orders 36, 37, 38, and 40. Plaintiffs, however, have filed
notices of objection with the JPML that oppose transfer of the actions to the MDL, and they have
since filed motions to vacate the conditional transfer orders. Transfer of these actions to the
(continued...)

Plaintiffs oppose entry of a stay. Plaintiffs argue that the Court should first resolve jurisdictional issues they intend to raise in forthcoming motions to remand.[3] Plaintiffs claim that there is an issue regarding whether these actions were properly removed to federal court because complete diversity may not exist. In its notices of removal, Merck claimed that the director and sales representative defendants were fraudulently joined because no reasonable basis exists for plaintiffs' negligence and products liability claims against those defendants under New York State law.

Plaintiffs contend that Merck misinterprets New York law, and that Merck's claims of fraudulent joinder lack merit. Plaintiffs ask that this Court apply the analytical model set forth in *Myers v. Bayer AG*, 143 F.Supp.2d 1044, 1048-49 (E.D. Wis. 2001), and allegedly adopted in *Medical Soc. of the State of N.Y. v. Connecticut General Corp.*, 187 F.Supp.2d 89, 91 (S.D.N.Y.2001) and *In re Consol. Fen-Phen Cases*, 2003 WL 22682440 (E.D.N.Y.2003), and preliminarily assess the jurisdictional challenges raised and determine whether removal is improper. Under the reasoning of these cases, they argue, the MDL court should resolve issues regarding remand only when those issues are both complex and mirror jurisdictional challenges raised in other

---

[2](...continued)

MDL, therefore, has been stayed pending determination of the question of transfer by the JPML at upcoming bimonthly hearing sessions. On February 14, 2006, the JPML set March 30, 2006 as the hearing date on the question of transfer in 58 of the 70 cases, and the issue will be considered and decided on the papers submitted and without oral argument. *See In re VIOXX Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1657, February 14, 2006, Notice of Hearing Session. The question of transfer in the remaining 12 cases will be heard and decided at a subsequent bimonthly Panel hearing session, on a date to be determined.

Merck's motions to stay, therefore, are still ripe for determination by this Court, despite the issuance of conditional transfer orders.

[3] By letter dated January 13, 2006, I informed the parties that I would resolve the pending motions to stay first, and then, if necessary, set a briefing schedule for motions to remand.

- 2 -

cases before the MDL. Plaintiffs argue that the issues presented in these cases are unique, and have not been raised in any of the 3,000 cases that comprise the MDL. Plaintiffs, therefore, oppose Merck's motions to stay, and they argue that this Court should rule on the forthcoming motions to remand, given that they involve questions of New York law.

For a number of reasons set forth below, I find that the issues plaintiffs present, *i.e.* whether the director and professional sales representatives were fraudulently joined, should be resolved by the MDL court, and that Merck's motions to stay should be granted.

First, that plaintiffs intend to file motions to remand in these cases does not act as a bar to transfer, and the MDL court can consider plaintiff's arguments regarding jurisdiction. *See In re Vioxx Product Liability Litigation* (MDL-1657), 360 F.Supp.2d 1352, 1353 (J.P.M.L. Feb. 16, 2005) (where the Judicial Panel found that the pendency of motions to remand based on alleged jurisdictional defects were not sufficient to avoid inclusion in MDL proceedings).

Second, despite plaintiffs' argument to the contrary, I find here, as I did in *North v. Merck*, 2005 WL 2921638 (W.D.N.Y. Nov. 4, 2005) and *Krieger v. Merck*, 2005 WL 2921640 (W.D.N.Y. Nov. 4, 2005), that it is still the "general rule . . . for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case to the MDL panel." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001). The Second Circuit Court of Appeals has adopted this general rule. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (where the jurisdictional issue in question is easily capable of arising in more than one court, consistency as well as economy is served by transferring and

- 3 -

consolidating cases as to which remand motions are pending). As indicated *supra*, at fn.2, the JPML will be deciding the question of transfer in these actions in the very near future.

In fact, the JPML has suggested, in a number of letters sent to this Court concerning plaintiffs' notices of opposition to transfer, that the Court should defer ruling on issues concerning remand until the issue of transfer is determined, in order to ensure uniform treatment of recurring jurisdictional issues. (*See, e.g.,* Ltr. From JPML Chairman Wm. Terrell Hodges, dated February 22, 2006) ("wait[ing] until the Panel has decided the transfer issue... may be especially appropriate if the [remand] motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization.")).

Third, I find that the jurisdictional issues presented in these cases are not so unique or peculiar to warrant resolution by this Court, or to preclude entry of a stay to promote judicial economy. Plaintiffs place much emphasis on the fact that Merck has failed to identify a single case in the MDL action in which the same class of defendants – individual directors and professional sales representatives – have been sued under New York state law. Merck, however, has identified over 150 cases currently pending before the MDL court where motions to remand were made concerning the issue of fraudulent joinder of individual sales representatives. (*See* Hayes Decl. in further support of Merck's Motion to Stay, dated Feb. 16, 2006, at ¶23). In addition, Merck has identified 14 other cases currently pending before the MDL court where motions to remand were made concerning the issue of fraudulent joinder of other employees, officers, or directors of Merck. (*See* Hayes Decl. in further support of Merck's Motion to Stay, dated Feb. 16, 2006, at ¶24). Similar

- 4 -

issues that plaintiffs raise in these actions, therefore, have been raised in other cases pending before the MDL.

Although the narrow issue of director and sales representative liability under New York state law may not yet be before the MDL court, that does not, by itself, preclude allowing the MDL court to resolve those issues. I agree with Merck that "it is likely that in ruling on remand motions that involve similar issues that arise under the laws of many other states, the MDL court will adopt an approach that treats like cases in a uniform manner" and that "the objectives of the MDL process — namely the avoidance of inconsistent rulings and the conservation of judicial resources — are best met by allowing the MDL Court to decide plaintiff's motion to remand."[4]

Furthermore, I am not persuaded by plaintiffs' contention that they will suffer prejudice if this Court does not elect to resolve the remand issues because the MDL court does not have a system in place for resolution of such motions. As defendant Merck points out, United States District Court Judge Eldon E. Fallon, who is presiding over the MDL, expressed his intention to resolve motions to remand in an expeditious and consistent manner. (*See* Hayes Decl. in further support of Merck's Motion to Stay, dated Feb. 16, 2006, at Ex. E (transcript of June 23, 2005 Status Conference, at p. 21) ("I'm conscious of dealing with the remand [motions] as quickly as possible, but I do want to get them all together, look at them, see if I can group them in some way, and then direct my attention on each particular group and deal with that issue in a consistent and fair fashion for that group.");

---

[4] I agree with the reasoning of another District Court faced with this question that "it is apparent that whether certain defendants have been fraudulently joined is an issue common to several of the cases being considered for consolidation by the JMPL. ... By allowing a single court to determine this issue, judicial resources will be conserved and the risk of inconsistent rulings is avoided." *Purcell v. Merck & Co., Inc.*, No. 05cv0443-L(BLM), slip op. at 4-5 (S.D. Cal. June 6, 2005).

- 5 -

*see also* Hayes Decl., Exs. O, P, and Q). This Court is confident that the processes employed by Judge Fallon to resolve remand issues will be more than sufficient.

Finally, I conclude that entering a stay will conserve judicial resources, one of the fundamental goals of multidistrict litigation practice. Staying this action is not extraordinary. According to Merck, more than 1700 similar Vioxx cases have been stayed by courts around the country pending their transfer to the MDL. Issues regarding the alleged fraudulent joinder of individual director and sales representative, and their respective liability under state law, will be addressed by the MDL court. The interest of uniform treatment of recurring jurisdictional issues is best served, then, by entering a stay in these cases.

## CONCLUSION

Merck's motions to stay are **GRANTED**. The JPML needs to determine whether these cases will be transferred or not from this Court.

To date, counsel for plaintiffs and Merck have submitted to chambers only a paper copy of their respective motion responses, replies, and sur-replies, which have been considered by the Court in determining Merck's motion to stay. Counsel is hereby directed to electronically file those motion papers in these 70 cases so that the record in each will be complete.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 1, 2006.

- 6 -

ATTACHMENT 1

| Civil Action Title | Civil Action Number |
| --- | --- |
| Reid v. Merck & Co., Inc. | 6:05-cv-06621-DGL |
| Malkiewicz v. Merck & Co., Inc. | 6:05-cv-06622-DGL |
| Bolano v. Merck & Co., Inc. | 6:05-cv-06623-DGL |
| Hunt v. Merck & Co., Inc. | 6:05-cv-06624-DGL |
| Brewer v. Merck & Co., Inc. | 6:05-cv-06625-DGL |
| Monte v. Merck & Co., Inc. | 6:05-cv-06626-DGL |
| Bamford v. Merck & Co., Inc. | 6:05-cv-06627-DGL |
| Hyche v. Merck & Co., Inc. | 6:05-cv-06628-DGL |
| Anderson D. v. Merck & Co., Inc. | 6:05-cv-06629-DGL |
| Avolio v. Merck & Co., Inc. | 6:05-cv-06630-DGL |
| Bailey v. Merck & Co., Inc. | 6:05-cv-06631-DGL |
| Astrella v. Merck & Co., Inc. | 6:05-cv-06632-DGL |
| Bagley v. Merck & Co., Inc. | 6:05-cv-06633-DGL |
| Arnold v. Merck & Co., Inc. | 6:05-cv-06634-DGL |
| Mishko v. Merck & Co., Inc. | 6:05-cv-06635-DGL |
| Aponte v. Merck & Co., Inc. | 6:05-cv-06636-DGL |
| Chase, Marilyn J. v. Merck & Co., Inc. | 6:05-cv-06637-DGL |
| Bissell v. Merck & Co., Inc. | 6:05-cv-06638-DGL |
| Flint v. Merck & Co., Inc. | 6:05-cv-06640-DGL |
| Greck v. Merck & Co., Inc. | 6:05-cv-06641-DGL |
| Cook v. Merck & Co., Inc. | 6:05-cv-06642-DGL |
| Longley v. Merck & Co., Inc. | 6:05-cv-06643-DGL |
| Quadd v. Merck & Co., Inc. | 6:05-cv-06644-DGL |
| Reed v. Merck & Co., Inc. | 6:05-cv-06645-DGL |
| Becker v. Merck & Co., Inc. | 6:05-cv-06646-DGL |
| Benedict v. Merck & Co., Inc. | 6:05-cv-06647-DGL |
| Bernard v. Merck & Co., Inc. | 6:05-cv-06648-DGL |
| Brown, B. v. Merck & Co., Inc. | 6:05-cv-06649-DGL |
| Brown, M. v. Merck & Co., Inc. | 6:05-cv-06650-DGL |
| Cannon v. Merck & Co., Inc. | 6:05-cv-06651-DGL |
| Chase, Marilyn v. Merck & Co., Inc. | 6:05-cv-06652-DGL |
| Connors v. Merck & Co., Inc. | 6:05-cv-06653-DGL |
| Bickel v. Merck & Co., Inc. | 6:05-cv-06654-DGL |
| Lopiccolo v. Merck & Co., Inc. | 6:05-cv-06655-DGL |
| Kordasiewicz v. Merck & Co., Inc. | 6:05-cv-06656-DGL |
| Anderson, P. v. Merck & Co., Inc. | 6:05-cv-06657-DGL |
| Disalvo v. Merck & Co., Inc. | 6:05-cv-06658-DGL |
| Harris v. Merck & Co., Inc. | 6:05-cv-06659-DGL |
| Corey v. Merck & Co., Inc. | 6:05-cv-06660-DGL |

ATTACHMENT 1 (continued)

| | |
|---|---|
| Daluiso v. Merck & Co., Inc. | 6:05-cv-06661-DGL |
| Anthon v. Merck & Co., Inc. | 6:05-cv-06662-DGL |
| Critten v. Merck & Co., Inc. | 6:05-cv-06663-DGL |
| Davis, S. v. Merck & Co., Inc. | 6:05-cv-06664-DGL |
| Weitzsacker v. Merck & Co., Inc. | 6:05-cv-06665-DGL |
| Barbato v. Merck & Co., Inc. | 6:05-cv-06666-DGL |
| Bryant v. Merck & Co., Inc. | 6:05-cv-06667-DGL |
| Robinson v. Merck & Co., Inc. | 6:05-cv-06668-DGL |
| Bielak v. Merck & Co., Inc. | 6:05-cv-06669-DGL |
| Donahue v. Merck & Co., Inc. | 6:05-cv-06670-DGL |
| Czekalsi v. Merck & Co., Inc. | 6:05-cv-06671-DGL |
| D'Amore v. Merck & Co., Inc. | 6:05-cv-06672-DGL |
| Davis, C. v. Merck & Co., Inc. | 6:05-cv-06673-DGL |
| Blackmon v. Merck & Co., Inc. | 6:05-cv-06676-DGL |
| Wilson v. Merck & Co., Inc. | 6:05-cv-06677-DGL |
| Clark v. Merck & Co., Inc. | 6:05-cv-06678-DGL |
| Arena v. Merck & Co., Inc. | 6:05-cv-06679-DGL |
| Cipressi v. Merck & Co., Inc. | 6:05-cv-06680-DGL |
| Gallipeau v. Merck & Co., Inc. | 6:05-cv-06681-DGL |
| Sugarman v. Merck & Co., Inc. | 6:05-cv-06710-DGL |
| Sicari v. Merck & Co., Inc. | 6:05-cv-06711-DGL |
| Depascale v. Merck & Co., Inc. | 6:05-cv-06712-DGL |
| Frain v. Merck & Co., Inc. | 6:05-cv-06713-DGL |
| Kaushinger v. Merck & Co., Inc. | 6:05-cv-06714-DGL |
| Laux v. Merck & Co., Inc. | 6:05-cv-06715-DGL |
| Lee v. Merck & Co., Inc. | 6:05-cv-06716-DGL |
| Neal v. Merck & Co., Inc. | 6:05-cv-06717-DGL |
| Scariata et al. v. Merck & Co., Inc, et al. | 6:06-cv-06030-DGL |
| Schiedel et al. v. Merck & Co., Inc, et al. | 6:06-cv-06031-DGL |
| Hofmann et al. v. Merck & Co., Inc, et al. | 6:06-cv-06032-DGL |
| Johnson et al. v. Merck & Co., Inc, et al. | 6:06-cv-06033-DGL |

- 2 -

# Exhibit K

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN THE MATTER OF CIVIL ACTIONS AGAINST
MERCK & CO., INC., AS LISTED IN
ATTACHMENT 1                                              ORDER TO STAY

Defendant Merck & Co., Inc. ("Merck") removed these 11 negligence and products liability

actions from New York State Supreme Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A list

of these 11 actions (identified in order of the WDNY civil docket number) is attached to this Order.

Plaintiffs, who are represented by same law firm, allege claims against Merck concerning the

manufacture, sale, and distribution of the prescription drug Vioxx. Plaintiffs also named as

defendants a number of New York corporations that operate pharmacies throughout the State. In its

notices of removal, however, Merck argued that the pharmacy defendants were fraudulently joined

because no reasonable basis exists for plaintiffs' negligence and products liability claims against

them.

Merck has filed motions to stay the actions pending the issuance of conditional orders by the

Judicial Panel on Multidistrict Litigation ("JPML") transferring the cases as "tag-along" actions to

*In re Vioxx Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1657, an MDL

action that has been established in the Eastern District of Louisiana.[1]

For the reasons set forth in this Court's Decision and Order in two other nearly identical

---

[1] On February 16, 2005, the Panel transferred 138 civil actions to the MDL, which
involve common questions of fact concerning the alleged increased health risks associated with
the anti-inflammatory drug, Vioxx. Since that time, more than 3,000 additional actions have
been transferred to the MDL, and it appears that the number continues to grow.

actions, *North v. Merck*, 2005 WL 2921638 (W.D.N.Y. Nov. 4, 2005) and *Krieger v. Merck*, 2005

WL 2921640 (W.D.N.Y. Nov. 4, 2005), I find that Merck's motions to stay should be granted in

these 11 cases as well.  The objectives of the MDL process, that is the avoidance of inconsistent

rulings and the conservation of judicial resources, are best met by allowing the MDL court here to

resolve any issues regarding whether these actions were properly removed.


### CONCLUSION

Merck's motions to stay (Dkts.#4) are **GRANTED**.

IT IS SO ORDERED.


_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
       March 1, 2006.

2

ATTACHMENT 1

Campbell v. Merck & Co., Inc., et al          05-CV-6740L
Paterniti v.  Merck & Co., Inc., et al         06-CV-6065L
Adams v.  Merck & Co., Inc., et al            06-CV-6066L
Grace v.  Merck & Co., Inc., et al            06-CV-6067L
Stroka v.  Merck & Co., Inc., et al           06-CV-6068L
Stenzel v.  Merck & Co., Inc., et al          06-CV-6069L
Porter v.  Merck & Co., Inc., et al           06-CV-6070L
Ciura v.  Merck & Co., Inc., et al            06-CV-6074L
Lukasik v.  Merck & Co., Inc., et al          06-CV-6075L
Yates v.  Merck & Co., Inc., et al            06-CV-6096L
Dempsey v.  Merck & Co., Inc., et al          06-CV-6097L

# Exhibit L

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**DEBBIE PACE and PATRICIA E.**
**ARCHULETA,** on their own behalf and
on behalf of all similarly situated
individuals,

       Plaintiffs,

    vs.                          No. **CIV 04-1356 MCA/ACT**

**MERCK & CO., INC.,**

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Plaintiffs' Motion to Remand* [Doc. 3],

filed December 7, 2004, and Defendant *Merck's Motion to Stay All Proceedings Pending*

*Transfer Decision by the Judicial Panel on Multidistrict Litigation* [Doc. 4], filed December

10, 2004. Having considered the parties' submissions, the relevant law, and otherwise being

fully advised in the premises, the Court denies Plaintiffs' motion to remand and grants

Defendant's motion to stay.

## I. BACKGROUND

On October 20, 2004, Plaintiffs filed in the Second Judicial District Court, County

of Bernalillo, State of New Mexico their *First Amended Complaint for Individual and Class*

*Action Relief for: (1) Fraud; (2) Unfair Trade Practices; (3) Unjust Enrichment;*

*(4) Constructive Trust; and (5) Punitive Damages* against Merck and Co., Inc. ("Merck").

Merck is a pharmaceutical company that designed and manufactured the anti-inflammatory

prescription drug known as Vioxx. [Doc. 1, Exh. 1]. In September 2004, Merck announced

that studies had shown that patients taking Vioxx were at increased risk for heart attack or

stroke. Merck removed Vioxx from the market later that month. [Id.].

In December 2004 and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Merck

removed Plaintiffs' state-court action to the United States District Court for the District of

New Mexico. [Doc. 1]. Plaintiffs thereafter moved to remand the matter. [Doc. 3]. Merck

then moved to stay all proceedings in the action pending resolution of its motion before the

Judicial Panel on Multidistrict Litigation ("the Panel") for transfer of this case and numerous

similar cases to a single court for coordinated pretrial management pursuant to 28 U.S.C.

§ 1407. [Doc. 4]. Merck's motion was filed October 22, 2004 and a decision thereon is

expected to be handed down in January 2005.[1] [Id., Exh. A, November 22, 2004 "Notice to

All Involved Counsel from Judicial Panel on Multidistrict Litigation"]. Plaintiffs oppose

Merck's motion to stay and ask the Court to rule in their favor with respect to the remand

motion. [Doc. 8].

**II. ANALYSIS**

Section 1407 of Title 28 provides, in pertinent part:

> When civil actions involving one or more common questions of
> fact are pending in different districts, such actions may be
> transferred to any district for coordinated or consolidated
> pretrial proceedings. Such transfers shall be made by the judicial
> panel on multidistrict litigation authorized by this section upon

---

[1] As of November 22, 2004, there existed 158 separate actions against Merck awaiting potential consolidation by the Panel. [See Doc. 4, Exh. A, Schedule A].

> its determination that transfers for such proceedings will be for
> the convenience of parties and witnesses and will promote the
> just and efficient conduct of such actions.

28 U.S.C. § 1407. A district court may in its discretion stay proceedings before it pending

resolution of a motion brought pursuant to 28 U.S.C. § 1407, as the power to stay "is

incidental to the power inherent in every court to control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel, and for litigants." Landis v.

North American Co., 299 U.S. 248, 254 (1936). When considering a motion to stay, a

district court should consider three factors: (1) potential prejudice to the non-moving party;

(2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial

resources that would be saved by avoiding duplicative litigation if the cases are in fact

consolidated. Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D.Cal.1997).

In light of the above factors, I conclude that the proceedings in this case should be

stayed pending the transfer decision of the Panel. Under the circumstances, potential

prejudice to Plaintiffs is minimal, as the Panel expects to render its decision later this month.

[See Doc. 4, Exh. A, November 22, 2004 "Notice to All Involved Counsel from Judicial

Panel on Multidistrict Litigation" (stating that a hearing on Merck's 28 U.S.C. § 1407 motion

is set for late January 2005)]. Should the Panel determine that transfer of this case is not

warranted, Plaintiffs may renew their motion to remand. On the other hand, because more

than 100 separate and similar actions are currently pending against Merck, Merck faces a

significant risk of duplicative motion practice and redundant discovery proceedings absent

3

a stay.[2]  It is also apparent that judicial resources would be conserved and judicial economy best served by allowing a single court to determine with uniformity the various issues presented in the hundreds of currently pending Vioxx cases.  Finally, in light of the fact that numerous district courts have already issued stays, [see Doc. 4 at 5-6 (collecting cases)], this Court agrees with the statement of Judge Paul Huck of the United States District Court for the Southern District of Florida that "these cases should, as a general proposition, be treated consistently so that no one plaintiff or plaintiff group has an advantage over the others with regard to the ability to prosecute claims in a timely manner."  Fontanilles v. Merck & Co., Inc., No. 04-22799 (S.D.Fla. Dec. 14, 2004) (granting motion to stay and denying without prejudice plaintiffs' motion to remand).

## III. CONCLUSION

Under the circumstances, I conclude that the risk of hardship to Merck absent a stay far outweighs any prejudice likely to be caused to Plaintiffs as the result of a stay.  Because I also determine that consolidation of the numerous pending Vioxx cases will likely conserve judicial resources and promote judicial economy, Merck's motion to stay will be granted. Plaintiffs' motion to remand will be denied .

---

[2]  As an example of the potential hardship it faces, Merck notes that, before stays were granted, plaintiffs' counsel in a Texas state-court action and plaintiffs' counsel in an action in the District Court for the Northern District of Texas had each asked to depose the same corporate representative with respect to the same issue—Merck's decision to withdraw Vioxx from the market. Merck submits that such requests will only become more frequent as the Vioxx litigation proceeds.  [See Doc. 4 at 9].

IT IS, THEREFORE, ORDERED that Defendant *Merck's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation* [Doc. 4] is GRANTED;

IT IS FURTHER ORDERED that *Plaintiffs' Motion to Remand* [Doc. 3] is DENIED without prejudice to renew in the event that the cause is not transferred. If transfer is denied, Plaintiffs shall file their notice of renewal of the motion to remand within ten (10) days of entry of the order of denial.

SO ORDERED this 10th day of January, 2005, in Albuquerque, New Mexico.


**M. CHRISTINA ARMIJO**
United States District Judge

5

# Exhibit M

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JAN -3 PM 3: 58

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
BARBIER, J.
JANUARY 3, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOWARD MARK FALICK                          CIVIL ACTION

VERSUS                                      NO: 04-3060

MERCK & CO., INC.                           SECTION: "J"(2)

Before the Court is Merck's **Motion to Stay all Proceedings
Pending Transfer Decision by the Judicial Panel on Multidistrict
Litigation.**  Rec. Doc. 6.  Plaintiff opposes the motion.  Having
considered the motion, the memoranda of counsel, and applicable
law, the Court finds that defendant's motion should be granted
and this matter should be stayed pending a transfer decision by
the Judicial Panel on Multidistrict Litigation ("the Panel").

When deciding whether to issue a stay pending a decision by
the Panel, courts look at considerations of judicial economy and

DATE OF ENTRY
JAN - 4 2005

Fee_____
Process_____
X  Dktd_____
  CtRmDep_____
___ Doc. No _____

prejudice to the parties.[1]  This case was filed on November 9,
2004 and discovery has not begun.  The Court finds that plaintiff
will not be unduly prejudiced if this matter is stayed pending a
decision by the Panel.  Considering the multitude of cases
currently stayed due to the pending MDL coordination,[2] the Court
finds that staying the proceedings will serve the interests of
judicial economy.  Accordingly,

   **IT IS ORDERED** that Merck's **Motion to Stay All Proceedings
Pending Transfer Decision by the Judicial Panel on Multidistrict
Litigation** (Rec. Doc. 6) should be and hereby is **GRANTED**.

                        *   *   *   *   *   *   *   *   *

---

   [1]Rivers v. The Walt Disney Co., 980 F. Supp. 1358, 1360
(C.D. Cal. 1997).

   [2]See Motion to Stay All Proceedings, Rec. Doc. 5, 5-7.

                                    2

# Exhibit N

FILED
MISSOULA, MT

2006 MAY 12 AM 8 04

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| THE STATE OF MONTANA, | ) | CV-06-07-H-DWM |
| *ex rel* MIKE McGRATH, | ) | |
| Attorney General, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MERCK & CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case presents jurisdictional and procedural questions for the Court. The State of Montana filed a motion to remand this case back to state district court. In turn, Merck filed a motion to stay all proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation. Finally, the State has requested expedited consideration of its motion to remand. Experience and case law support deference to the Judicial Panel.

While the case may address state law and this Court may have the liberty to rule on the motion to remand before a decision by the Judicial Panel, the Court must consider the staggering number

-1-

of cases involving Merck that are now before the United States
District Court for the Eastern District of Louisiana as part of
MDL Proceeding No. 1657. *See In re Vioxx Prods. Liability
Litigation*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005)(the Judicial
Panel consolidated 148 actions in 48 federal districts to the
transferee court where the judge has experience in complex
multidistrict liability litigation). Judicial economy dictates
this Court follow suit. Any prejudice suffered by the State of
Montana as a result of a stay will be minimal. *See Rivers v.
Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997). Notably,
the Judicial Panel stated "[t]he pendency of a motion to remand
to state court is not a sufficient basis to avoid inclusion." *In
re Vioxx Prods. Liability Litigation*, 360 F. Supp. 2d at 1354.
This Court will stay the motion to remand pending a "tag-along"
determination by the Judicial Panel.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to
stay proceedings (dkt #5) is GRANTED pending a determination by
the Judicial Panel on Multidistrict Litigation; and

IT IS FURTHER ORDERED that Plaintiff's motion to expedite
(dkt #9) is DENIED.

DATED this ___11___ day of May, 2006.

Donald W. Molloy, Chief Judge
United States District Court

-2-

# Exhibit O

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>MERCK & CO., INC,<br><br>                    Defendant. | Case No. 3:06-cv-0018-TMB<br><br><br>O R D E R |

## BACKGROUND

The State of Alaska ("the State") filed this case on December 23, 2005, in Superior Court. The State's complaint alleges that Merck's marketing practices for the drug Vioxx violated Alaska's Unfair Trade Practices and Consumer Protection Act. The complaint also alleges that Merck made false statements concerning the safety of Vioxx "that induced the State of Alaska to authorize expenditure of Medicaid funds for the purchase of Vioxx." Docket No. 1, Ex. 3 (Compl. ¶ 22). Merck removed the case to federal court, arguing that the case raises a substantial federal question. Docket No. 1. Merck then moved to stay all proceedings pending transfer to the Judicial Panel on Multidistrict litigation ("MDL"). Docket Nos. 8 (Mot.); 14 (Opp'n); 15 (Reply). Subsequently, the State moved for remand back to state court. Docket Nos. 13 (Mot.); 19 (Opp'n); 24 (Reply). On February 7, 2006, the MDL Panel issued a conditional transfer of the case. Docket No. 17, Ex. A. The conditional transfer order states that this action appears to involve "questions of fact which are common to the actions previously transferred" to the MDL Panel. *Id.* The MDL Panel issued a schedule requiring the State to oppose the transfer by March 9, 2006. *Id.* The State has moved for expedited consideration of its motion to remand, requesting that the Court issue a

1

M006813128

ruling before the State's opposition to the MDL transfer is due. Docket No. 25. The motion for expedited consideration at **Docket No. 25** is **GRANTED.**

## DISCUSSION

Courts must strictly construe the removal statute, 28 U.S.C. § 1441, against removal jurisdiction. Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Sutetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As is pertinent here, 28 U.S.C. § 1441 provides for the removal of (1) actions arising under federal law or (2) actions between parties of diverse citizenship where none of the defendants are citizens of the forum state. *See* 28 U.S.C. § 1441(b).[1]  The Court must examine the complaint filed in state court to determine whether it states a claim arising under federal law. In making this determination, it is irrelevant whether the defendant intends to rely on the United States Constitution or a federal statute in defending the action. The inquiry is limited to the grounds for relief invoked by the plaintiff in its complaint. *See Merrell-Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

On February 16, 2005, the MDL Panel issued the first transfer order establishing MDL-1657, *In re Vioxx Marketing, Sales Practices and Products Liability Litigation*, pursuant to 28 U.S.C. § 1407. In that order the Panel stated, "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings." 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005). The pendency of transfer to MDL, however, does not limit the Court's authority to rule on the motion for remand. Several courts have opted to rule on motions for

---

[1]  The statute provides:
> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

ORDER

M00681129

remand despite the pendency of transfer to MDL-1657. *See, e.g., Kantner v. Merck & Co.*, 2005 WL 277768 (S.D. Ind. Jan 26, 2005). However, 3,008 actions have been transferred to MDL-1657. Docket No. 17, Ex. A.

A preliminary review of the complaint and motion to remand reveals the difficult issue of whether federal question jurisdiction exists based on federal Medicaid law, which limits a state's authority to decline to pay for prescription drugs covered under the program. *See* 42 U.S.C. §§ 1396r–8(d)(4). As this case does not plainly warrant immediate remand, the Court finds that transfer to the MDL panel will promote efficient and coordinated proceedings, including the consideration of remand motions.[2] The State will suffer minimal prejudice from the stay. By contrast, the risk to Merck of duplicative litigation is significant.

**IT IS THEREFORE ORDERED:**

The motion to stay proceedings pending transfer to the MDL panel at **Docket No. 8** is **GRANTED**. This case will be transferred to MDL-1657 for a consolidated determination of jurisdictional issues.

Dated at Anchorage, Alaska, this 6th day of March 2006.

　　　　　　　　　　　　　　　　　　／s／ TIMOTHY M. BURGESS
　　　　　　　　　　　　　　　　　　**TIMOTHY M. BURGESS**
　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] The judge presiding over the Vioxx MDL proceeding has expressed his preference that remand motions be presented to the MDL Panel: "There are various issues of remand in various cases throughout the country. Again, a significant advantage of the MDL concept is some consistency... I'm conscious of dealing with the remand [motions] as quickly as possible, but I do want to get them all together . . . and deal with that issue in a consistent and fair fashion." Docket No. 19, Ex. 1 (Transcript of Status Conference at 21, MDL No. 1657 (June 23, 2005)).

ORDER

C:\Documents and Settings\patty\Local Settings\Temp\notesF8C1A4\Merck.wpd  3