Randall M. Fox
OFFICE OF THE ATTORNEY GENERAL
MEDICAID FRAUD CONTROL UNIT
120 Broadway – 13th Floor
New York, New York  10271-0007
(212) 417-5250
*Attorneys for the State of New York*

John R. Low-Beer
OFFICE OF THE CORPORATION COUNSEL
OF THE CITY OF NEW YORK
100 Church Street
New York, New York  10007
(212) 788-1007
*Attorneys for the City of New York*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
THE PEOPLE OF THE STATE OF NEW YORK, :
by ANDREW M. CUOMO, Attorney General of :
the State of New York, and THE CITY OF NEW :
YORK, : No. 07 Civ. 8434 (GBD)
 :
                                  Plaintiffs, :
 :
                  - against - :
 :
MERCK  & CO., INC., :
 :
                                  Defendant. :
---------------------------------------------------------------- x

**THE STATE OF NEW YORK AND THE CITY OF NEW YORK'S
MEMORANDUM OF LAW IN OPPOSITION TO MERCK'S MOTION TO STAY
ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION**

## TABLE OF CONTENTS

**PAGE**

**TABLE OF AUTHORITIES**……………………………………………………………….. ii

**PRELIMINARY STATEMENT**……………………………………………………………… 1

**PROCEDURAL BACKGROUND**…………………………………………………………… 2

**ARGUMENT**………………………………………………………………………………… 5

I.  **THIS COURT SHOULD DETERMINE WHETHER IT HAS SUBJECT MATTER JURISDICTION BEFORE ENTERTAINING A STAY MOTION**…………………………………………………………………………….. 5

II. **STAYING THE REMAND MOTION WOULD BE CONTRARY TO THE INTERESTS OF JUDICIAL ECONOMY, WOULD PREJUDICE PLAINTIFFS, AND MERCK WOULD NOT BE HARMED ABSENT SUCH A STAY** ……………………………………………………. 7

    A. **Judicial Economy Is Best Served by Proceeding with the Remand Motion and Denying the Stay Motion** …………………………………….…. 7

    B. **Merck Will Not Suffer Hardship by Opposing a Remand Motion, But the State and City Would Be Prejudiced by a Stay** ………..………… 11

**CONCLUSION**……………………………………………………………………………... 13

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Trans World Airlines, Inc.*, 728 F. Supp. 162 (S.D.N.Y. 1989) .................................9

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 54 F. Supp. 2d 1042
    (D. Kan. 1999) ........................................................................................................................9

*Anthem, Inc. v. Bristol-Myers Squibb Co.*, No. 03-0008, 2003 U.S. Dist. LEXIS 15762 (D.
    N.J. Mar. 18, 2003) .................................................................................................................9

*Bellinder v. Microsoft Corp.*, No. 99-2578-KHV, 2000 U.S. Dist. LEXIS 6789 (D. Kan.
    Mar. 27, 2000) ........................................................................................................................9

*Bellorin v. Bridgestone/ Firestone, Inc*., 236 F. Supp. 2d 670, 676 (W.D. Tex. 2001)............5, 7

*Collett v. Freid*, No. 03-526, 2004 U.S. Dist. LEXIS 19937 (E.D. Ky. July 15, 2004) ...............6

*Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S. Ct. 2121 (2006)................................8

*Havens Protected "C" Clamps, Inc. v. Pilkington PLC*, No. 00-2035-JWL, 2000 U.S. Dist.
    LEXIS 4905 (D. Kan. Mar. 29, 2000) ....................................................................................9

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .................................................................................7

*Minnesota v. Pharmacia Corp.*, No. 05-1394(PAM/JSM), 2005 U.S. Dist. LEXIS 27638
    (D. Minn. Oct. 24, 2005).........................................................................................................6

*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978) ....................................................6

*Shields v. Bridgestone/Firestone, Inc*., 232 F. Supp. 2d 715 (E.D. Tex. 2002)...........................9

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)...........................................5

*Texas v. Merck & Co.*, 385 F. Supp. 2d 604 (W.D. Tex. 2005) .............................................6, 11

*Texas v. Merck & Co.*, No. A-06-CA-232-LY, slip op. (W.D. Tex. May 10, 2006)..................11

*Utah v. Eli Lilly & Co.*, No. 2:07-CV-380 TS, 2007 U.S. Dist. LEXIS 65571 (D. Utah
    Sept. 4, 2007) ..........................................................................................................................6

*Wall v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 92 Civ. 0387 (WK), 1992 U.S. Dist.
LEXIS 3640 (S.D.N.Y. Mar. 26, 1992) ...................................................................................6

*Weese v. Union Carbide Corp.*, No. 07-581-GPM, 2007 U.S. Dist. LEXIS 73970 (S.D. Ill.
Oct. 3, 2007) ..........................................................................................................................6

*Weisman v. Southeast Hotel Props. Ltd. P'ship*, 91 Civ. 6232 (MBM), 1992 U.S. Dist.
LEXIS 7736 (S.D.N.Y. June 3, 1992) .................................................................................5, 6

**Statutes**

28 U.S.C. § 1447(c) ............................................................................................................. 5

**Rules**

JPML Rule 1.5 ................................................................................................... 4, 6, 7, 12

JPML Rule 7.4. ............................................................................................................... 4

**PRELIMINARY STATEMENT**

Plaintiffs The State of New York (the "State") and The City of New York (the "City") hereby submit this Memorandum of Law in opposition to the motion of defendant Merck & Co., Inc. ("Merck") to stay all proceedings in this action brought under New York state and local law for false and fraudulent statements and marketing in connection with the New York Medicaid program.

Plaintiffs' have no objection, and offered to stipulate, to staying all matters *other than* plaintiffs' forthcoming motion to remand until either a decision remanding the case or resolution of whether the case will be transferred to a multidistrict proceeding in the Eastern District of Louisiana. A stay of the remand motion is inappropriate because the threshold issue it raises of this Court's subject matter jurisdiction should be resolved immediately. In addition, this Court can resolve the issue of federal subject matter jurisdiction quickly and effectively. A stay would serve only to create more work for the judiciary and the parties and prolong the proceedings. As plaintiffs will demonstrate in their forthcoming remand motion, Merck's removal was improper and Merck has not met its heavy burden of establishing a right to have this case in federal court.

Moreover, Merck's purported justifications for a stay are illusory. It claims that, without a stay, the resources of the parties and the Court will be wasted with duplicative discovery. Plaintiffs offered to eliminate those concerns by stipulation and proceed with only the remand motion. Merck refused. Merck also raises the specter of potentially inconsistent rulings, but it cannot explain where any inconsistency would lay. If the only current issue to be addressed is the threshold question of subject matter jurisdiction raised by the remand motion, then there can be no inconsistency. Based on the standards claimed by Merck in its Notice of Removal, plaintiffs' remand motion will be resolved

by examining whether Merck's liability under the specific claims asserted under New York state and local laws can be resolved only by determining actually disputed and substantial questions under federal law where federal resolution of such issues would not interfere with the congressionally determined balance of state and federal responsibilities. No other cases raise the same issues, so there can be no inconsistent rulings.

A stay would, in fact, result in delays and duplicative proceedings by requiring the parties to brief a remand motion twice (once here and again after the transfer issue is decided) and to brief the issue of whether the case should be transferred by the Judicial Panel on Multidistrict Litigation. Such unnecessary proceedings would be avoided by denying Merck's motion for a stay and proceeding with a determination of the threshold issue of federal subject matter jurisdiction.

## PROCEDURAL BACKGROUND

Plaintiff filed this action on September 17, 2007 in the New York State Supreme Court, New York County, alleging that Merck, a pharmaceutical manufacturer, engaged in repeated and persistent fraud and caused false and fraudulent claims to be submitted to the New York State Medicaid program and the Elderly Pharmaceutical Insurance Coverage ("EPIC") program by suppressing, misrepresenting, and concealing material information in its communications with doctors and patients concerning the seriousness of cardiovascular risks of its pain medication Vioxx. More specifically, the complaint alleges that Merck engaged in a concerted and tenacious campaign of false and fraudulent statements to doctors and consumers that minimized the import and seriousness of the risks posed by Vioxx to patients with established coronary disease. Merck conducted this campaign through its carefully scripted army of sales representatives who would seek improperly to assuage any concerns that doctors had about the adverse cardiovascular

2

impact of Vioxx, and further through its massive direct-to-consumer advertising campaigns and other means. The result was that at least tens of millions of dollars were inappropriately spent on Vioxx prescriptions and refills for this at-risk population.

Plaintiffs assert against Merck six causes of action under state and local law: (1) violation of the New York Social Services Law by obtaining public funds by false statements, (2) violation of the New York False Claims Act by causing false or fraudulent claims for payment by the State to be made, (3) violation of the New York False Claims Act by causing false records to be made in order to get false claims paid, (4) liability under the New York Executive Law by engaging in repeated and persistent fraud in carrying on, conducting or transacting business, (5) liability under the New York Executive Law by obtaining public funds by false statements, and (6) violation of the New York City False Claims Act by causing false and fraudulent claims for payment by the City to be made.

Merck removed this case on September 29, 2007, arguing that unspecified claims among those asserted by plaintiffs necessarily require determination of actually disputed, substantial questions of federal law. While Merck does not specify what those disputed, substantial federal law questions might be, it refers generally to the existence of the federal Food, Drug and Cosmetics Act and federal Medicaid laws. (Notice of Removal ¶ 8). It claims that these acts are somehow "implicate[d]" by the state and local law claims in this case. (*Id.*). Merck does not claim that any specific question of law must be resolved in order to find Merck liable under any of plaintiffs' causes of action.

At the same time as it removed the case, Merck filed its motion to stay proceedings pending transfer of the case to the multidistrict proceedings pending against

3

it in the Eastern District of Louisiana (the "MDL"). Merck indicated therein that it would notify the Judicial Panel on Multidistrict Litigation ("JPML") of this action and seek its transfer to the MDL. (*See* Merck's Memorandum of Law in Support of Motion to Stay ("Merck Mem.") at 2). Plaintiffs have received notice that Merck had designated the present lawsuit as a "tag-along action" and that the Clerk of the JPML had, on October 10, 2007, issued a "conditional transfer order." The effect of that order is to start the time during which plaintiffs can seek to prevent transfer by moving to vacate. JPML Rule 7.4.

In accordance with the JPML rules, plaintiffs will submit to the JPML their notice of opposition to the conditional transfer and then a motion to vacate the conditional transfer order. The motion will then be briefed by the parties and the JPML will set a time for argument at one of its bi-monthly hearings. *Id*. The JPML will then be in a position to rule on the transfer issue and either deny transfer or issue a final transfer order. A final transfer order is not effective in terminating an original district court's authority over a case until filed in that district court. JPML Rule 1.5.

Plaintiffs sought to resolve Merck's stay motion by a stipulation that would stay all matters other than plaintiffs' planned remand motion concerning the threshold question of this Court's subject matter jurisdiction over this case. (*See* Affidavit of Randall M. Fox, sworn to October 18, 2007 ("Fox Aff."), Ex. A). Although this proposal would have resolved the concerns Merck expressed in its stay motion about duplicative, wasteful and potentially inconsistent pretrial proceedings, Merck rejected the proposal. (*See* Fox Aff. Ex. B).

Plaintiffs will soon file their motion to remand this case to the New York State Supreme Court. In that motion, plaintiffs will describe the fatal deficiencies in Merck's Notice of Removal and the reasons why this case must be returned to the state court.

## ARGUMENT

### I. THIS COURT SHOULD DETERMINE WHETHER IT HAS SUBJECT MATTER JURISDICTION BEFORE ENTERTAINING A STAY MOTION

Plaintiffs will move to remand this action because this Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c) directs that "if at any time before judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The intent of § 1447 is for a court to address the issue the moment it is raised. *See, e.g., Weisman v. Southeast Hotel Props. Ltd. P'ship*, 91 Civ. 6232 (MBM), 1992 U.S. Dist. LEXIS 7736, at *5 (S.D.N.Y. June 3, 1992) (court is obligated to determine jurisdictional issues when they arise); *see also Bellorin v. Bridgestone/Firestone, Inc.*, 236 F. Supp. 2d 670, 676 (W.D. Tex. 2001) ("One of the principles governing the 30-day time limit to file a notice of removal is Congress' intention that the issue of federal jurisdiction [should] be determined in an expeditious manner."). This Court's subject matter jurisdiction is a threshold issue. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).

Before this Court rules on any issue, including Merck's stay motion, it should apply the directive of 28 U.S.C. § 1447 and first determine whether this Court has jurisdiction over this action. Plaintiffs directly raise that issue in their motion to remand.

Numerous other courts have concluded in comparable circumstances that they should take up the threshold jurisdictional issue before ruling on other matters. Among them is the District Court in Texas that rejected Merck's stay motion and

5

contemporaneously granted a remand motion made by the Texas Attorney General on a claim seeking recovery of Medicaid funds spent on Vioxx. *See Texas v. Merck & Co.*, 385 F. Supp. 2d 604 (W.D. Tex. 2005).[1] *See also Utah v. Eli Lilly & Co.*, No. 2:07-CV-380 TS, 2007 U.S. Dist. LEXIS 65571 (D. Utah Sept. 4, 2007) (denying stay and granting remand); *Minnesota v. Pharmacia Corp.*, No. 05-1394(PAM/JSM), 2005 U.S. Dist. LEXIS 27638 (D. Minn. Oct. 24, 2005) (same); *Weisman,* 1992 U.S. Dist. LEXIS 7736, at *5 ("It is axiomatic . . . that federal jurisdiction is limited by constitutional and statutory mandate and that those limitations cannot be avoided for judicial economy or any other seemingly beneficial reason." (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978)); *Wall v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 92 Civ. 0387 (WK), 1992 U.S. Dist. LEXIS 3640 (S.D.N.Y. Mar. 26, 1992) (the court could not transfer a case "unless we assume that the jurisdiction exists so to do, or simply ignore the issue altogether. We are not inclined to follow either of these courses of action. The district court is not a legal way station, nor subject matter jurisdiction something that can be invoked solely to assist the transfer of a case from court to court.").

      The Rules of Procedure of the JPML clearly contemplate that a judge can decide a remand motion, and other motions, before it is determined whether a case will be transferred to a multidistrict proceeding. They state that proceedings before the JPML do not suspend pretrial proceedings in the district court in which the action is pending unless a final transfer order is filed with the district court. JPML Rule 1.5; *see also Collett v. Freid*, No. 03-526, 2004 U.S. Dist. LEXIS 19937, at *4-5 (E.D. Ky. July 15, 2004)

---

[1] The issue of subject matter jurisdiction has not been addressed in any of the six cases brought by or on behalf of states concerning Medicaid funds that Merck cites in its brief. (*See* Merck Mem. at 2-4). Merck notably fails to mention the Texas decision in its moving papers.

(denying motion to stay, citing Rule 1.5); *Bellorin*, 236 F. Supp. 2d at 676 (relying in part on Rule 1.5 in holding that "the district court retains its authority to determine pre-trial motions and issues" until the case is transferred).

## II. STAYING THE REMAND MOTION WOULD BE CONTRARY TO THE INTERESTS OF JUDICIAL ECONOMY, WOULD PREJUDICE PLAINTIFFS, AND MERCK WOULD NOT BE HARMED ABSENT SUCH A STAY

If the Court is nevertheless willing to entertain any motions before the existence of subject matter jurisdiction is determined, then it should examine whether a stay should be granted by looking to the interests of judicial economy and the respective hardships to the parties if a stay is or is not granted. A request for a stay should only be granted when the petitioner makes a "clear case of hardship or inequity." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

### A. Judicial Economy Is Best Served by Proceeding with the Remand Motion and Denying the Stay Motion

Plaintiffs' remand motion can be decided easily and without delay. The State and City have asserted six state and local law causes of action. Merck improperly removed the case, claiming that the complaint necessarily depend upon the resolution of actually disputed and substantial questions of federal law over which a federal court may exercise jurisdiction without disturbing the balance of responsibilities between federal and state courts. Merck does not, in its Notice of Removal, identify *any* specific federal questions raised by plaintiffs' causes of action. On that basis alone, Merck cannot satisfy its heavy burden of establishing a right to have these claims heard in federal court, and the Court need look no further.

Even if Merck's Notice of Removal were somehow not fatally flawed for failing to identify any specific federal questions, the removal and remand question could be

resolved most efficiently by this Court. The only question on the remand motion is whether plaintiffs' claims fit the very narrow basis for federal question jurisdiction asserted by Merck. *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S. Ct. 2121, 2136, 2137 (2006) (describing this basis for federal question jurisdiction as a "slim category" and a "special and small category"). As plaintiffs will describe in their remand motion, the overwhelming majority of cases to consider that legal question in cases where states have sought to recover Medicaid funds have found this slim category inapplicable, and have granted remand motions. In this case, the remand motion will require the Court to examine the New York state and local causes of action asserted in the complaint to decide whether they can be resolved without also having to decide disputed and substantial issues of federal law. As a federal court sitting in New York and knowledgeable about New York law, this Court is well positioned to engage in that examination efficiently.

Judicial economy would not be served by granting a stay of the remand motion. A stay would result in numerous unnecessary procedures and would needlessly take up judicial time. If this Court lacks subject matter jurisdiction, it is unnecessary for this Court to be burdened with this stay motion, and for the JPML to address disputes over whether the case should be transferred to the MDL, and for this Court or the MDL Court (depending on the outcome of the transfer dispute) to entertain any further proceedings, including the plaintiffs' renewal of their remand motion. If there were some reason not to grant remand, then the cause of judicial economy would still be best served by addressing the remand motion without a stay of proceedings. The remand motion will have to be decided at some point, and this Court can more efficiently apply New York law than can

8

a federal court sitting elsewhere.  Numerous courts have similarly ruled that judicial economy is not served by transferring cases to an MDL proceeding in comparable circumstances.  *See, e.g., Anthem, Inc. v. Bristol-Myers Squibb Co.*, No. 03-0008, 2003 U.S. Dist. LEXIS 15762, at *7 (D. N.J. Mar. 18, 2003) ("Deciding the jurisdictional question now promotes judicial economy:  if jurisdiction does not exist, then the case need not be transferred to the MDL court at all, and if it does exist then both the parties and the MDL court will be faced with one less contested issue if and when the case eventually is transferred."); *Abrams v. Trans World Airlines, Inc.*, 728 F. Supp. 162, 173 (S.D.N.Y. 1989) (stay not appropriate when issue is New York's power to regulate under New York law), *dismissed on other grounds*, 764 F. Supp. 864 (S.D.N.Y. 1991).[2]

Without specifically referring to a potential remand motion by plaintiffs, Merck expresses its concern over "the risk of inconsistent rulings on early motions."  (Merck Mem. at 6).  But Merck never describes how any such inconsistency may arise if a

---

[2] *See also Shields v. Bridgestone/Firestone, Inc*., 232 F. Supp. 2d 715, 718 (E.D. Tex. 2002) ("There is no risk of needlessly expending this court's resources in ruling on the merits of the motion to remand.  Rather, this court's adjudication on the merits will prevent another court, already burdened due to the litigation arising out of these facts, from having to spend its limited resources on a matter this court is perfectly capable of deciding."); *Havens Protected "C" Clamps, Inc. v. Pilkington PLC*, No. 00-2035-JWL, 2000 U.S. Dist. LEXIS 4905, at *5 (D. Kan. Mar. 29, 2000) (finding judicial economy warranted denying stay because issues have been fully briefed and "there is no reason to believe that the transferee court would be more suitable forum for the resolution of the matters raised therein"); *Bellinder v. Microsoft Corp.*, No. 99-2578-KHV, 2000 U.S. Dist. LEXIS 6789, at *6-7 (D. Kan. Mar. 27, 2000) (denying request for a stay because state law with which the court was most familiar would apply, and judicial economy would be served by determining whether jurisdiction even exists); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1048 (D. Kan. 1999) ("No great judicial economy will be realized from a delay.  The parties will not save time, for they have already briefed the remand issue.  The Court is well versed in both Kansas and federal law, while the transferor [sic] court would need to apply the law of different states to different claims.  For purposes of judicial economy, the jurisdictional issue should be resolved immediately.  If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended." (internal citation omitted)).

9

remand motion is decided by this Court.  There will be no inconsistency because there are no other cases against Merck where there is a remand motion that requires an examination of the New York state and local law claims plaintiffs assert to determine whether their resolution necessarily requires the Court to decide actually disputed and substantial federal questions that should properly be allocated to federal court.  *See Weese v. Union Carbide Corp.*, No. 07-581-GPM, 2007 U.S. Dist. LEXIS 73970, at *6 (S.D. Ill. Oct. 3, 2007) ("Moreover, the resolution of the motion to remand requires the analysis of the unique facts of this case as presented to this Court . . . .  Since only one federal court needs to make an individualized assessment of the jurisdictional issues in this case there is no reason to transfer the jurisdictional issue to the MDL." (internal quotation marks and citations omitted)).

Merck does make reference to six other cases in the MDL that were brought by or on behalf of other states (Merck Mem. at 2-3), but does not suggest that a decision on remand here would raise any concerns about inconsistency.  Nor could it properly do so for at least two reasons.  *First*, those cases do not concern the New York law causes of action at issue here, and do not require an examination of whether claims under these New York laws require the resolution of actually disputed, substantial federal questions.  *Second*, there should be no fear of any "inconsistency" because there have been no decisions on remand motions in those cases.  In fact, there is no remand motion pending before the MDL Court in five of the six cases.[3]

---

[3] The one remand motion is in a case by the Louisiana Attorney General.  That case is unlike the present action in that it is primarily a products liability case rather than a case based upon fraudulent and false statements and claims.  The remand motion was filed more than two years ago and has not been acted upon by the Court.  The other states that have cases in the MDL have not made remand motions in the MDL proceedings.

10

If "consistency" of decisions on remand means that decisions must be the same regardless of which law is applied or what legal theories are raised, then this Court should follow the one remand decision that has been issued in a Vioxx case brought by a state Attorney General and reject Merck's stay motion and remand this case to state court. In *Texas v. Merck, supra*, The United States District Court for the Western District of Texas concluded that claims under Texas law did not necessarily require resolution of disputed and actual federal questions.[4]

Accordingly, a stay of the remand motion in this case would run counter to the interests of judicial economy and would not affect the consistency of decisions.

### B. Merck Will Not Suffer Hardship by Opposing a Remand Motion, But the State and City Would Be Prejudiced by a Stay

Merck argues a stay is necessary "in order to minimize prejudice to Merck by having to defend overlapping lawsuits in multiple jurisdictions." (Merck Mem. at 8). Merck undermined its own claim of "prejudice" by refusing to agree to a partial stay that would have eliminated overlapping pre-trial proceedings.

Merck does not specifically claim any prejudice in having to respond only to plaintiffs' remand motion, and, in fact, there is none. Merck will have to respond to plaintiffs' remand motion at some point in time. The imposition of a stay would actually result in Merck's having to undertake additional work and expense because it would have to oppose a remand motion twice – once in this Court and again after the transfer issues are resolved. If the case is promptly remanded, as it should be, then Merck will also avoid the time and expense of arguing the transfer issues before the JPML.

---

[4] In the Texas case, Merck removed the action for a second time and the court again rejected a stay motion and remanded the case to state court. *Texas v. Merck & Co.*, No. A-06-CA-232-LY, slip op. (W.D. Tex. May 10, 2006) (Ex. C to the Fox Aff.).

11

Unlike Merck, plaintiffs would be harmed by a stay because they would be subject to a delay in pursuing their claims of substantial duration. Initially, they would face delay in moving forward while the issue of transfer is addressed. Plaintiffs will file a motion to vacate the Conditional Transfer Order issued by the Clerk of the JPML because transfer is improper in this case. It could easily take half a year for that motion to be briefed, heard and ruled upon. Throughout that time, this Court would retain authority over this case. JMPL Rule 1.5. Then, if the case is transferred, plaintiffs would be subject to the further delay of having to re-file its motion to remand and address any new opposition Merck files. Finally, plaintiffs will suffer whatever delay there is in obtaining a decision on a remand motion re-filed with the MDL Court. Notably, the MDL Court is facing a large volume of cases. As of the end of 2006, there were approximately 8,300 cases (concerning approximately 23,700 plaintiffs) pending in the MDL. (*See* Merck's 2006 Form 10-K at 22, http://www.merck/finance/proxy/2006 _form_ 10-k.pdf).[5] That volume alone suggests that there could be significant delays in addressing a motion in this one case that does not have broad application to the thousands of other cases before the MDL Court. To date, no motions for remand to any state court have yet been decided in the MDL.

---

[5] 19,100 Vioxx lawsuits are pending against Merck in various state courts. (*See id.*).

**CONCLUSION**

For the reasons set forth above, the State and City respectfully request that this Court consider and rule on their Motion to Remand and deny Merck's motion for a stay.

Dated: New York, New York
       October 18, 2007

>                      ANDREW M. CUOMO
>                      Attorney General of the State of New York
>                      Attorney for the State of New York
>
>
>                      _____/s_____
>                      RANDALL M. FOX
>                      Special Assistant Attorney General
>                      Medicaid Fraud Control Unit
>                      120 Broadway – 13th Floor
>                      New York, New York 10271-0007
>                      (212) 417-5300
>
>                      MICHAEL A. CARDOZO
>                      Corporation Counsel of the City of New York
>                      Attorney for the City of New York
>
>
>                      _____/s_____
>                      JOHN R. LOW-BEER
>                      Assistant Corporation Counsel
>                      100 Church Street
>                      New York, New York 10007
>                      (212) 788-1007