Theodore V. H. Mayer
Vilia B. Hayes
Robb W. Patryk
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - x
:
THE PEOPLE OF THE STATE OF NEW YORK, :
by ANDREW M. CUOMO, Attorney General of :
the State of New York, and THE CITY OF NEW :     No.: 07 cv 8434 (GBD)
YORK, :
:
                                      Plaintiffs, :
:
                -against- :
:
MERCK & CO., INC., :
:
                                      Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION BY DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

## TABLE OF CONTENTS

Page

ARGUMENT ..................................................................................................................................1

    I.    THE MAJORITY OF COURTS HAVE RECOGNIZED THAT STAYING A CASE PENDING MDL TRANSFER DESPITE A PENDING REMAND MOTION PROMOTES JUDICIAL ECONOMY AND CONSISTENCY. .............2

    II.    THERE WILL BE NO PREJUDICE TO PLAINTIFFS IF THIS CASE IS STAYED PENDING MDL TRANSFER AND MERCK WILL SUFFER SIGNIFICANT HARDSHIP IF A STAY IS DENIED. ..........................................7

CONCLUSION .............................................................................................................................10

# TABLE OF AUTHORITIES

Page

## CASES

*In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Prods. Liab. Litig.*, 438 F. Supp. 942 (J.P.M.L. 1977) ............................................................................................................... 6

*Aguilar v. Merck & Co., Inc. et al.*, No. 05-CV-4865 (SJ), (E.D.N.Y. Nov. 22, 2005) .............. 4, 7

*In re Armored Car Antitrust Litig.*, 462 F. Supp. 394 (J.P.M.L. 1978) ........................................... 6

*Campbell v. Merck & Co., Inc.*, No. 05-CV-6740L (W.D.N.Y. Mar 1, 2006) ............................... 5

*Colf v. Regeneration Tech., Inc.*, No. 06-CV-6604L, 2007 U.S. Dist. LEXIS 2095 (W.D.N.Y. Jan. 11, 2007) ............................................................................................... 2

*DeBono v. Am. Home Prods. Corp.*, No. 04 Civ. 3810(DC), 2004 WL 2601177 (S.D.N.Y. Nov. 16, 2004) ................................................................................................. 6

*Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067 (W.D. Tenn. Apr. 3, 2001) .................................................................................................................. 2

*Holmes v. Merck & Co., Inc.*, No. 4:05CV00439 (E.D. Mo. May 3, 2005) .................................. 8

*In the Matter of Civil Actions Against Merck & Co., Inc.*, No. 6:05-cv-06621-DGL, 2006 U.S. Dist. LEXIS 86347 (W.D.N.Y. Mar. 1, 2006) ........................................................ 5

*In re Ivy*, 901 F.2d 7 (2d Cir. 1990) .......................................................................................... 2, 6

*Knearem v. Bayer Corp.*, Civil Action 02-2096-CM, 2002 WL 1173551 (D. Kan. May 7, 2002) ............................................................................................................................... 3

*Krieger v. Merck & Co., Inc.*, No. 05-CV-6338L, 2005 WL 2921640 (W.D.N.Y. Nov. 4, 2005) ............................................................................................................................ 5, 7

*Med. Soc'y of the State of New York v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89 (S.D.N.Y. 2001) ............................................................................................................................... 2

*Michael v. Warner-Lambert Co.*, No. 03cv1978 DMS(RBB), 2003 U.S. Dist. LEXIS 21525 (S.D. Cal. Nov. 20, 2003) ................................................................................... 3

*Nekritz v. Canary Capital Partners, LLC*, 2004 WL 1462035 (D.N.J. Jan. 12, 2004) .................. 9

*Republic of Venezuela v. Philip Morris Cos.*, No. 99-0586-Civ-Ungaro-Benages, 1999 U.S. Dist. LEXIS 22742 (S.D. Fla. Apr. 28, 1999) ........................................................ 9

*State of Alaska v. Merck & Co., Inc.*, No. 3:06-cv-0018-TMB (D. Alaska Mar. 6, 2006) .......... 4, 6

## TABLE OF AUTHORITIES

Page

*State of Montana v. Merck & Co., Inc.*, No. CV-06-07-H-DWM (D. Mont. May 11,
 2006) ...................................................................................................................................4, 5

*Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989 (E.D. Wis. 2000) .................................................9

Defendant Merck & Co., Inc. respectfully submits this reply memorandum in support of its motion to stay this action pending the transfer of this case to the multidistrict litigation established for Vioxx® cases, *In re Vioxx Marketing, Sales Practices and Products Liability Litigation,* MDL No. 1657, pending in the Eastern District of Louisiana before Hon. Eldon E. Fallon ("MDL-1657").

Plaintiffs opposed Merck's Motion to Stay All Proceedings in this case on the ground that they intend to file a motion to remand and that this Court, rather than the MDL court, should decide that motion. However, Plaintiffs' anticipated motion to remand merely confirms the appropriateness of staying this case pending MDL transfer so that the MDL judge can rule on all pretrial motions – including those raising jurisdictional issues – in a coordinated manner. The statutory objectives of the MDL process, namely, consistency of rulings and judicial economy, are best served by allowing Judge Fallon to rule on overlapping remand motions for all Vioxx cases across the country. Several similar cases brought by state Attorneys General are pending before Judge Fallon at this time (two of which were stayed by their transferor courts as well). Despite Plaintiffs' attempt to distinguish those actions on the grounds that they do not involve New York law, they nonetheless raise overlapping jurisdictional issues that are best coordinated in MDL-1657. For these reasons, Merck respectfully requests that the Court stay this case pending transfer to MDL-1657.

## ARGUMENT

The gravamen of Plaintiffs' opposition to Merck's Motion to Stay – that they plan to file a motion to remand and that the motion to remand should be heard by this Court – is contrary to the direction of the Judicial Panel on Multidistrict Litigation ("JPML" or the "Panel"), the Vioxx MDL judge, and scores of federal courts across the country. As these courts have all recognized, where, as here, the jurisdictional issue Plaintiffs intend to raise is present in

1

60031618_1.DOC

cases already before the MDL court, the best course of action is to stay such cases and allow plaintiffs' motion to be decided in the MDL.

I.  **THE MAJORITY OF COURTS HAVE RECOGNIZED THAT STAYING A CASE PENDING MDL TRANSFER DESPITE A PENDING REMAND MOTION PROMOTES JUDICIAL ECONOMY AND CONSISTENCY.**

Federal courts across the country ***have stayed more than 3,400 Vioxx-related cases pending transfer to MDL-1657, including nearly 500 with pending remand motions.*** As discussed below, these stayed cases include several Medicaid-related actions brought against Merck involving the issue of state payments for Vioxx. Thus, although Plaintiffs cite a handful of cases where courts did not issue stays in Vioxx cases, it is clear that the vast majority of cases have either been stayed pending transfer, transferred without opposition, or transferred before the stay motion was ruled upon.

These decisions are in accord with the majority view. As one court put it, the "general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001). *See also In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (where the "jurisdictional issue in question is easily capable of arising in [more than one court,] [c]onsistency as well as economy is . . . served" by transferring and consolidating cases as to which remand motions are pending); *Med. Soc'y of the State of New York v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, at 92 (S.D.N.Y. 2001) ("there are significant economies in having a single court decide a jurisdictional question which has arisen and presumably will continue to arise in cases around the nation."); *Colf v. Regeneration Tech., Inc.*, No. 06-CV-6604L, 2007 U.S. Dist. LEXIS 2095, at *1-2 (W.D.N.Y. Jan. 11, 2007) ("a stay pending final decision on transfer by the JPML is warranted in order to conserve judicial resources, to avoid duplicative litigation, and to prevent hardship and inequity to the parties . . .

2

plaintiffs' pending motion to remand this case to state court does not act as a bar to transfer."); *Knearem v. Bayer Corp.*, Civil Action 02-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002) ("[J]udicial economy is best served by staying this litigation pending a resolution of the conditional order to transfer. Granting a stay . . . avoids the possibility of inconsistent pretrial rulings [because the MDL judge] . . . can decide for all cases involved in the Baycol® MDL whether the jurisdictional requirements are satisfied."); *Michael v. Warner-Lambert Co.*, No. 03cv1978 DMS(RBB), 2003 U.S. Dist. LEXIS 21525, at *9-10 (S.D. Cal. Nov. 20, 2003) (staying four cases with remand motions pending transfer to MDL court).

      The JPML similarly suggests to transferor courts that they should defer ruling on remand motions in order to ensure uniform treatment of recurring jurisdictional issues. (*See, e.g.*, Letter from JPML to Hon. Ricardo H. Hinojosa ("wait[ing] until the Panel has decided the transfer issue . . . may be especially appropriate if the [remand] motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization.") (attached to the October 26, 2007 Declaration of Vilia B. Hayes ("Hayes Decl.") as Exhibit A).) Likewise, Judge Fallon has expressed his preference for resolving remand motions in the MDL court:

> There are various issues of remand in various cases throughout the country. Again, a significant advantage of the MDL concept is some consistency. The [r]ule of [l]aw is really based on consistency. If different decisions are made by numerous judges, then you have no consistency and no predictability. . . . It's easier if one court decides some of these matters than if 50 or 100 courts decide the matter.
>
> I'm conscious of dealing with the remand [motions] as quickly as possible, but I do want to get them all together . . . and deal with that issue in a consistent and fair fashion.

(June 23, 2005 Status Conference Tr. at 21 (Hayes Decl. Ex. B).)

3

Because Plaintiffs' case presents the same factual and legal questions as other Medicaid cases in MDL-1657, a stay is appropriate here as well. As one transferor court in a similar case brought by a state regarding Medicaid payments stated:

> While the case may address state law . . . the Court must consider the staggering number of cases involving Merck that are now before the United States District Court for the Eastern District of Louisiana as part of MDL Proceeding No. 1657. Judicial economy dictates this Court follow suit. Any prejudice suffered by the State of Montana as the result of a stay will be minimal.

*State of Montana v. Merck & Co., Inc.*, No. CV-06-07-H-DWM, slip op. at 1-2 (D. Mont. May 11, 2006) (citations omitted). (Hayes Decl. Ex. C.) *See also State of Alaska v. Merck & Co., Inc.*, No. 3:06-cv-0018-TMB, slip op. at 3 (D. Alaska Mar. 6, 2006) ("the Court finds that transfer to the MDL panel will promote efficient and coordinated proceedings, including the consideration of remand motions. The State will suffer minimal prejudice from the stay. By contrast, the risk to Merck of duplicative litigation is significant."). (Hayes Decl. Ex. D.)

While Plaintiffs cite to *one* Vioxx case in Texas where a stay was denied (*See* Pls. Mem. at 6), the majority of courts considering stays in light of pending motions to remand have in fact stayed the cases, including cases where motions to remand involving federal question jurisdiction in Medicaid-related actions were pending. *See, e.g., State of Montana*, slip op. (Hayes Decl. Ex. C); *State of Alaska*, slip op. (Hayes Decl. Ex. D). In issuing these stays, these courts have all recognized that the purpose of the MDL statute would be undermined if federal courts across the country were forced to waste their time considering the same questions, and issuing either duplicative or inconsistent remand decisions. The many Vioxx decisions staying cases despite pending motions to remand include decisions from the Eastern and Western Districts of New York. *See, e.g., Aguilar v. Merck & Co., Inc. et al.*, No. 05-CV-4865 (SJ), slip op. at 5-6 (E.D.N.Y. Nov. 22, 2005) (Hayes Decl. Ex. E) (staying case despite motion to remand, noting this would promote judicial economy, minimize the risk of inconsistent rulings, and

4

would not prejudice plaintiff); *Krieger v. Merck & Co., Inc.*, No. 05-CV-6338L, 2005 WL 2921640 (W.D.N.Y. Nov. 4, 2005) (staying case despite motion to remand); *In the Matter of Civil Actions Against Merck & Co., Inc.*, No. 6:05-cv-06621-DGL, 2006 U.S. Dist. LEXIS 86347 (W.D.N.Y. Mar. 1, 2006) (staying the cases despite planned motion to remand, noting that the transferee court should decide the jurisdictional issue); *Campbell v. Merck & Co., Inc.*, No. 05-CV-6740L, slip. op. at 2 (W.D.N.Y. Mar 1, 2006) and related cases ("The objectives of the MDL process, that is the avoidance of inconsistent rulings and the conservation of judicial resources, are best met by allowing the MDL court here to resolve any issues regarding whether these actions were properly removed.") (Hayes Decl. Ex. F).

  Plaintiffs attempt to distinguish the present case from the six Medicaid-related actions already pending in the MDL by arguing first that "there is no remand motion pending before the MDL Court in five of the six [Medicaid-related] cases." (Pl. Mem. at 10.) This is incorrect. All of the Attorney General actions pending in federal court assert similar legal theories (*i.e.*, they seek damages and civil penalties for claimed misrepresentations made to the states and their citizens regarding Vioxx), and they all seek to recover their respective states' expenditures for Vioxx. *See Foti, ex rel. State of Louisiana* Complaint ¶¶ 28-62; *id.* Prayer For Relief ¶ 6; *Hood, ex. rel State of Mississippi* Complaint ¶¶ 7, 81-120, *id.* Prayer For Relief ¶ 4; *State of Alaska* Complaint ¶¶ 12-24; *id.* Prayer For Relief ¶ 2; *McGrath, ex rel. State of Montana* Complaint ¶¶ 64-86; *id.* Prayer For Relief ¶¶ 7-8; *State of Utah* Complaint ¶ 18; *id.* Prayer for Relief) (Hayes Decl. Ex. G).   In addition, there are currently motions to remand on the issue of federal question jurisdiction pending in five Medicaid-related cases before the MDL court: *Utah v. Merck & Co., Inc.*, No. 06-9336 (E.D. La.); *Hood v. Merck & Co., Inc.*, No. 05-6755 (E.D. La.); *Foti v. Merck & Co., Inc.*, No. 05-3700 (E.D. La.); *State of Montana v. Merck & Co., Inc.*,

5

(E.D. La.); *State of Alaska v. Merck & Co., Inc.*, No. 06-3132 (E.D. La.). The issue facing the Court in this case – the existence of federal question jurisdiction over such cases – is thus already in front of the MDL court.

Plaintiffs' argument that this case raises unique issues simply because it requires the application of New York law (Pl. Mem. at 8) should be summarily rejected. The issue of whether federal regulation creates federal question jurisdiction in Medicaid-related litigation is common to all these cases, regardless of the particular details of the state law at issue. The MDL court is more than adequately equipped to interpret these federal issues, as well as deal with any issues particular to state law. *See DeBono v. Am. Home Prods. Corp.*, No. 04 Civ. 3810(DC), 2004 WL 2601177 (S.D.N.Y. Nov. 16, 2004) (staying case pending transfer despite remand motion implicating state-law issues). As Judge Chin explained in *DeBono*:

> Upon reflection, the Court believes it would be more prudent and more consistent with the concept of multidistrict litigation to send these cases to the MDL Court for its decision on the remand motions. While plaintiffs argue that this Court is in the best position to apply New York law in deciding the remand motion, the Second Circuit has observed that an MDL court often is best suited to resolve remand motions, especially when the issues involved are likely to recur.

2004 WL 2601177, at *1 (citing *In re Ivy*, 901 F.2d 7, 9 (2d. Cir. 1990). Plaintiffs' argument is all the more unavailing given that MDL courts regularly apply states' laws from other districts. *See, e.g., In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Prods. Liab. Litig.*, 438 F. Supp. 942, 943 (J.P.M.L. 1977) ("it is not peculiar for a federal district judge to be faced with applying law of a state other than the one wherein his or her district is located, and thus the presence of foreign state law in multidistrict litigation is of no particular consequence"). In fact, it is often the case that multidistrict litigation involves questions arising under the laws of multiple states. *See In re Armored Car Antitrust Litig.*, 462 F. Supp. 394, 396 (J.P.M.L. 1978) ("It is within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the

transferee judge to be called upon to apply the law of more than one state."). In short, because Judge Fallon is in the best position to understand fully the complex legal and factual posture of the overlapping Vioxx cases and well equipped to interpret multiple states' laws (as he already has numerous times in the Vioxx litigation), he is in the best position to rule on Plaintiffs' forthcoming remand motion.

In sum, contrary to Plaintiffs' arguments, judicial economy and consistency will be better served by staying this case for a brief period to allow Plaintiffs' remand motion to be decided in conjunction with the five other Medicaid-related remand motions currently pending in MDL-1657. Accordingly, Merck's Motion to Stay should be granted.

## II. THERE WILL BE NO PREJUDICE TO PLAINTIFFS IF THIS CASE IS STAYED PENDING MDL TRANSFER AND MERCK WILL SUFFER SIGNIFICANT HARDSHIP IF A STAY IS DENIED.

Plaintiffs argue that Merck's refusal to agree to a partial stay of this case suggests that Merck will not be prejudiced without a stay. (Pl. Mem. at 11.) This is simply not the case. Merck would have been happy to stipulate to a stay of discovery proceedings; however, Merck refused to withdraw its motion to stay the case in its entirety because Merck believes that briefing and consideration of Plaintiffs' remand motion should be stayed as well. Because Plaintiffs' conditioned their offer to stay discovery on Merck's withdrawing its motion to stay, no agreement was possible.

Plaintiffs, however, will experience little or no prejudice if their case is stayed pending MDL transfer. Indeed, Plaintiffs do not identify any prejudice that would be caused by a stay of their case other than a delay in consideration of their remand motion. As the Eastern District of New York determined in another Vioxx case, any prejudice suffered by plaintiffs in such a situation would be minimal, and not outweighed by the judicial economy benefits of a stay. *Aguilar*, slip op. at 6. *See also Krieger*, 2005 WL 2921640 at *2 (holding that any

prejudice to plaintiffs caused by delay is outweighed by risk of hardship to Merck and the judicial economy of having MDL court rule on remand motion); *Holmes v. Merck & Co., Inc.*, No. 4:05CV00439 ERW, slip op. at 3 (E.D. Mo. May 3, 2005) (Hayes Decl. Ex. H) (holding that any prejudice to plaintiffs caused by delay is outweighed by judicial economy of having MDL court rule on all remand motions). Plaintiffs incorrectly state that it could take up to half a year for their planned opposition to the Conditional Transfer Order containing this case to be heard and ruled upon. Merck expects that the motion should be fully briefed by the end of November 2007 and considered by the JPML during in early 2008. At latest, the JPML should issue a decision on transfer in late February 2008. Considering that Plaintiffs waited until almost three years after the withdrawal of Vioxx from the worldwide market to file their case, a delay of four more months could hardly be viewed as prejudicial. In addition, Plaintiffs have yet to file their motion to remand, although they have advised that it will be filed today. Thus, even if this Court did consider their remand motion, it would be resolved at approximately the same time as the JPML considers Plaintiffs' opposition to transfer. Therefore, there is no prejudicial delay to Plaintiffs in staying this case until the JPML has made a decision on transfer.

Plaintiffs also incorrectly claim that they will be subject to delay by having to re-file their motion to remand in MDL-1657, and that both Plaintiffs and Merck will be required to brief the remand issue twice should the case be transferred to the MDL. (Pl. Mem. At 11-12.) As noted above, Plaintiffs have not yet filed their motion to remand in this Court. However, should Plaintiffs file their motion to remand before a stay is granted in this case, they would not have to re-file it in the MDL court. The motion to remand would be transferred to the Eastern District of Louisiana once the Panel rules on transfer of this case.

Plaintiffs also claim they will be prejudiced because the MDL court has not ruled on any remand motions. (Pl. Mem. at 12.) This is not true. In fact, Judge Fallon has already ruled on at least two remand motions (Hayes Decl. Ex. I) and has already set a briefing schedule for at least one more remand motion. (Hayes Decl. Ex. J.) Judge Fallon has repeatedly said that he will address pending remand motions in due course and has stated that he wishes to handle remand motions expeditiously but also consistently. (June 23, 2005 Status Conference Tr. at 21 (Hayes Decl. Ex. B).) To this end, he ordered the Plaintiffs' Steering Committee to compile a list of categories of remand motions to facilitate grouping them by issues. (*See* Aug. 25, 2005 Status Conference Tr. at 17 (Hayes Decl. Ex. K); Oct. 27, 2005 Status Conference Tr. at 21-22 (Hayes Decl. Ex. L).) This list is regularly updated by the Plaintiffs' Steering Committee. The overall delay in the progression of the case will be negligible and there will be no prejudice to Plaintiffs.

Numerous courts in non-Vioxx cases have similarly rejected arguments by plaintiffs that staying cases pending MDL coordination would prejudice them. *See Republic of Venezuela v. Philip Morris Cos.*, No. 99-0586-Civ-Ungaro-Benages, 1999 U.S. Dist. LEXIS 22742, at *5-7 (S.D. Fla. Apr. 28, 1999) (finding plaintiff will not be prejudiced by a stay of all proceedings, including motion to remand, pending consideration of an MDL motion); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (rejecting Plaintiff's "cursory assertions of prejudice" in granting stay). *See also Nekritz v. Canary Capital Partners, LLC*, 2004 WL 1462035, at *2 (D.N.J. Jan. 12, 2004) (noting that a stay will "eliminate the danger that a decision on this remand motion might be inconsistent with decisions by other courts on similar questions.").

In the present case, without a stay, Merck will have to litigate the same jurisdictional issues in this court as well as in MDL-1657, and there is a real risk of inconsistent results on an issue for which there is no opportunity for appellate review. The alleged hardship facing Merck is overwhelming. Moreover, this Court and others around the country should not waste resources duplicating each others' work; nor should Merck be required to make the same jurisdictional argument in multiple forums, when the remand issues can be decided in a coordinated manner by the MDL court.

## CONCLUSION

For the foregoing reasons, and the reasons stated in Merck's Motion to Stay All Proceedings Pending Transfer Decision By the Judicial Panel on Multidistrict Litigation, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the Vioxx MDL proceeding that has been established in the Eastern District of Louisiana.

DATED:    New York, New York
          October 26, 2007

                                        Respectfully submitted,

                                        HUGHES HUBBARD & REED LLP

                                        By: /s/ Vilia B. Hayes
                                        Theodore V. H. Mayer
                                        Vilia B. Hayes
                                        Robb W. Patryk
                                        HUGHES HUBBARD & REED LLP
                                        One Battery Park Plaza
                                        New York, NY 10004-1482
                                        (212) 837-6000

                                        *Attorneys for Defendant Merck & Co., Inc.*

10